**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DONNA L. IVY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-11-4236 |
| § | |
| RANDALLS FOOD & DRUGS, LP, § | |
| § | |
| Defendant. § | |

**ORDER DENYING MOTION TO RETAIN**

The plaintiff, Donna L. Ivy, sued Randalls Food & Drugs in November 2011. She initially filed *pro se* and was given permission to proceed without prepaying fees. At a pretrial conference held in March 2012, an attorney appeared on Ms. Ivy's behalf. The court allowed Ms. Ivy additional time to file proof of service and reset the initial pretrial conference to permit plaintiff sufficient time to prepare. On May 21, 2012, Ms. Ivy had failed to comply with the court's order to effect service or take other steps to prosecute the suit. This court dismissed the case for failure to comply with court orders and failure to prosecute. (Docket Entry No. 6). Over 15 months later, Ms. Ivy has moved for reconsideration of the dismissal order, seeking to reinstate the case. (Docket Entry No. 7). She asserts she did not receive "timely and intelligent" notice of the dismissal and that she has just recently recalled additional facts and evidence important to her claim. She asks that the case be reactivated and that she be allowed time to try to find an attorney. (*Id.*).

Rule 60(b) provides six grounds that authorize a court, "[o]n motion and just terms," to "relieve a party . . . from a final judgment, order, or proceeding." The first three grounds apply only to motions filed within a year of judgment, which is not the case here, so they are inapplicable. *See*

Fed. R. Civ. P. 60(b)(1)–(3) & (c)(1). Two of the remaining three grounds—that the "judgment is void," and that the "judgment has been satisfied, released, or discharged"—are also not applicable here. *See id.* 60(b)(4)–(5). To prevail on her Rule 60(b) motion, Ms. Ivy had to satisfy the final, catch-all provision. *Id.* 60(b)(6) (authorizing reopening of a case for "any other reason that justifies relief"). A party moving for relief under Rule 60(b)(6) "must show the initial judgment to have been manifestly unjust," as this clause "is a residual or catch-all provision to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances." *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 357 (5th Cir.1993) (citation and internal quotations omitted). Ms. Ivy has not shown that the initial judgment was manifestly unjust or that her case involves the sort of exceptional circumstances that would entitle her to relief. Although Ms. Ivy in part blames her lawyer, "the mistakes of counsel, who is the legal agent of the client, are chargeable to the client." *Pryor v. U.S. Postal Serv.,* 769 F.2d 281, 288 (5th Cir.1985) (holding that district court did not abuse its discretion in denying Rule 60 motion); *In re Vioxx Products Liability Litigation,* 509 Fed. Appx. 383, 386-387, 2013 WL 363499, 3 (5th Cir. 2013).

The motion to reconsider is denied.

SIGNED on October 7, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge